HART vs FOLEY ET AL.

Opinion delivered October 27, 1906.

(91 S. W. Rep. 33).

1. *Partnership—Burden or Proof to Establish.*
   Where a partnership is alleged by the plaintiff to exist between de-

fendants and denied by the latter, the burden is on plaintiff to prove same.

2. *Appeal—Evidence, Necessity of in Record.*

> Where an action has been dismissed by the Trial Court for want of proof an appeal will be dismissed when the evidence is not in the record.

Appeal from the United States Court for the Southern District of the Indian Territory; before Justice Hosea Townsend, November 25, 1904.

Action by C. S. Hart against P. T. Foley and another. Judgment for defendants. Plaintiff appeals. Dismissed.

*Wolfe, Stephens & Wright,* for appellant.

*W. H. Bingham,* for appellees.

GILL, J.   This is an appeal from the following judgment of the court below: "We, the jury in the above-entitled and numbered cause find for the defendant under instructions of the court. Wherefore the court is of the opinion that the plaintiff should take nothing by this suit, and that the defendant recover of the plaintiff all their costs herein laid out and expended. It is therefore considered, ordered, and adjudged by the court that the plaintiff, C. S. Hart, take nothing by this suit, and that the defendants, P. T. Foley and Z. T. Burton, do have and recover of and from the plaintiff all their costs herein laid out and expended, for all of which let execution issue." Appellees have filed motion to dismiss the appeal for several reasons, each of which has numerous separate reasons under subheads. As the appeal must be dismissed under the second reason assigned it is unnecessary to consider the others. An examination of the judgment shows that the court instructed

the jury to return a verdict for appellees for failure of proof of partnership. The appellants have wholly failed in bringing up in the record any evidence in the cause, and the court is not advised in any way of the evidence before the court below.

Appellants assign no specification of errors in their brief, but states and argues two points in which he alleges the court below erred. First. He says the record discloses: "That the appellant in his complaint alleges that partnership exists between the appellees, Foley and Burton, and then specifically states his cause of action. In the prayer to the complaint it will be observed, that appellants ask for judgment against appellees as a firm, and also as individuals." Appellant does not contend that he alleges in his complaint any facts which entitle him to judgment against either of defendants as individuals, for the contract alleged was made with defendants as partners, and here is the essential point. The prayer is not a part of the complaint in the sense that it states a cause of action. The prayer is merely the "demand for relief to which plaintiff considers himself entitled." And while judgment can be taken against a partnership firm, and also against the individual members of the firm, if properly summoned, before such judgment can be taken, the partnership must be proven. In the case at bar, the court instructed for defendant because there was no proof of partnership.

The second contention of appellant is: "That to entitle the appellees to take advantage of there being no proof of partnership, they waive it unless it is raised by demurrer or answer." The separate amended answer of Z. T. Burton specifically denies that he was a partner of Foley at the time of the alleged contract. The separate amended answer of P. T. Foley specifically denies that he and Burton were partners at the time of the alleged contract. The issue of partnership

was squarely raised by the pleadings, and it was necessary for plaintiff, appellant, to establish the issue or amend his complaint. He failed to do either, and the court's instruction was proper. But the appeal will have to be dismissed, because appellant failed in his bill of exceptions to bring in the evidence submitted in the court below.

Appeal dismissed.

CLAYTON, J., concurs.    RAYMOND, C. J., not participating.